United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3496
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
      v.                                      *
                                              *
Ronald Mitchell,                              *
                                              *
            Appellant.                        *
                                              * Appeal from the United States
---------------------------                   * District Court for the
                                              * Eastern District of Arkansas
United States of America,                     *
                                              *
            Appellee,                         *
                                              *
      v.                                      *
                                              *
Ronald Mitchell,                              *
                                              *
            Appellant.                        *

_____

Submitted:  December 3, 1997
     Filed:  February 19, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Ronald Mitchell appeals from the final judgment entered in the District Court for the Eastern District of Arkansas after he pleaded guilty to an escape charge, in violation of 18 U.S.C. § 751, and was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced Mitchell to 174 months imprisonment and five years supervised release. For reversal, Mitchell challenges his armed robbery conviction for failure of proof of an element of the offense, and maintains that the government breached the plea agreement. For the reasons discussed below, we affirm the challenged conviction, but remand for resentencing.

I.    Challenges to Mitchell's Conviction

Mitchell first argues the government failed to prove that the bank he was convicted of robbing on June 25, 1994, was insured by the Federal Deposit Insurance Corporation (FDIC). We disagree. At trial, the bank's vice president testified that the bank "is" insured by the FDIC, as evidenced by a form displaying the bank's FDIC certificate number; the vice president also referred to a printout of the bank's expense account showing payment in January 1995 of the semi-annual FDIC premium. See United States v. Schermerhorn, 906 F.2d 66, 69-70 (2d Cir. 1990) (bank vice president's testimony that bank's deposits "are" FDIC insured was sufficient); Cook v. United States, 320 F.2d 258, 259-60 (5th Cir. 1963) (applying evidentiary rule that existence of fact is some indication of its probable existence at earlier time); cf. United States v. Carlisle, 118 F.3d 1271, 1274 (8th Cir.) (stipulation that bank was FDIC-insured, dated four months after robbery, allowed reasonable inference bank was insured on date of robbery), cert. denied, 118 S. Ct. 429 (1997).

Mitchell raises additional challenges to his conviction in a pro se supplemental brief filed with leave of this court. We reject his pro se argument that the district court

improperly denied his motion for acquittal. Having reviewed the trial transcript, we conclude the two eyewitnesses' testimony--which indicates the robbery occurred in the morning under circumstances that allowed the eyewitnesses to look closely at Mitchell - -supports the jury's decision. See United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996). We also reject Mitchell's argument that his decision to represent himself at trial was not voluntary and knowing, because the district court took steps to ensure Mitchell made an informed decision to represent himself with stand-by counsel. See Faretta v. California, 422 U.S. 806, 835-36 (1975). Mitchell also raises an ineffective-assistance-of-counsel claim, but we decline to address it because it is more properly raised in a 28 U.S.C. § 2255 motion. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

II.     Challenge to Mitchell's Sentence

Mitchell also argues on appeal that the government breached the plea agreement at sentencing. The following events are pertinent to this claim. After Mitchell was convicted of the instant armed bank robbery, he escaped from custody but was apprehended. Mitchell then entered into an oral plea agreement, whereby he agreed to plead guilty to escape; to plead guilty--in a separate case involving an August 1994 post-office robbery--to a lesser charge of assault; and to testify against his co-conspirators in the post-office robbery case. In a written confirmation signed by an Assistant United States Attorney (AUSA), the government stated it would move to consolidate all of Mitchell's cases for sentencing, at which time the government would "recommend that Mr. Mitchell's sentences be served concurrently," and would "make a motion pursuant to U.S.S.G. § 5K1.1 recommending a downward departure of up to 50% based on Mr. Mitchell's cooperation."

At sentencing, however, the AUSA informed the court that the government had "no specific recommendation as to the sentence." The AUSA did move for a § 5K1.1 departure, but in the process of doing so indicated to the court that Mitchell had

"earn[ed] his reward" for his assistance by being charged with assault rather than robbery in the post-office robbery case. The AUSA additionally introduced victim-impact statements from the two victim bank tellers in the instant armed-robbery offense, who testified generally about the poor condition of their lives after the robbery. The district court denied the § 5K1.1 motion, referring to "the victim effects that we have in this case" and stating, among other things, that Mitchell had been rewarded for his assistance by being charged only with assault for the post-office robbery.

Plea agreements are "an essential component of the administration of justice," and fairness is presupposed in securing such agreements. See Santobello v. New York, 404 U.S. 257, 260-61 (1971). Moreover, "[a]n unambiguous, unconditional promise to file a downward departure motion is binding on the government," and "[i]f such a promise was part of the inducement or consideration underlying a guilty plea, its breach will entitle defendant" to specific performance or to withdraw his plea. United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997). Both parties agree that the bargain underlying the plea agreement included Mitchell's promise to plead guilty in exchange for the government's agreement to seek a downward departure at sentencing.

The government technically adhered to its promise to make a § 5K1.1 motion. Nevertheless, we conclude that the AUSA's reference to Mitchell's "reward" in the post-office robbery case, and the subsequent introduction of the victim-impact statements, violated the spirit of the promise and ultimately the plea agreement. See United States v. Clark, 55 F.3d 9, 10-13 (1st Cir. 1995) (concluding government's submission prior to sentencing of memorandum discussing defendant's entitlement to adjustment "effectively opposed" adjustment and thus breached plea agreement's provision not to oppose adjustment); United States v. Canada, 960 F.2d 263, 269 (1st Cir. 1992) (stating that although government "stopped short of explicitly repudiating the agreement," Santobello v. New York's interest in fairness prohibited government's "end-runs" around promises contained therein). Moreover, we conclude the government's statement that it had no recommendation as to the sentence was a breach

of its promise to recommend a downward departure of up to fifty percent. Cf. United States v. Myers, 32 F.3d 411, 412-13 (9th Cir. 1994) (per curiam) (holding government breached promise to make recommendation for sentence at low end of Guidelines range by not articulating any recommendation at sentencing); United States v. McCray, 849 F.2d 304, 305 (8th Cir. 1988) (per curiam) (holding government breached promise to not make any recommendation as to sentencing range and to stand mute when it was discussed, by stating it would resist defendant's request that court designate him as eligible for early parole). We reject as meritless the government's contention that it was required by Federal Rule of Criminal Procedure 32 to introduce the victim-impact statements; we also reject, as contrary to the plain language of the AUSA's confirmation letter, the government's position that it was not obligated to recommend a reduction of up to fifty percent unless the § 5K1.1 motion was first granted.

Accordingly, we affirm Mitchell's conviction, but remand for resentencing before another judge as required by Santobello v. New York. See United States v. McCray, 849 F.2d at 304.

BEAM, Circuit Judge, concurring in part and dissenting in part.

I concur with the court's opinion regarding Mitchell's conviction, but I dissent from the court's order of remand for resentencing. I would affirm on all issues.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.