United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3691

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Gregory Griggs, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 20, 1998

Filed: April 24, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Gregory Griggs of aiding and abetting the robbery of a post office, in violation of 18 U.S.C. § 2114, the district court[1] sentenced him to 120 months imprisonment and three years supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Mr. Griggs has filed a pro se supplemental brief. We affirm.

_____

[1] The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

The Anders brief contains a challenge to the sufficiency of the evidence.  In evaluating such a claim, we assume the government's evidence was truthful and valid, giving the government the benefit of all reasonable inferences, and will reverse a jury's finding of guilt only if a rational jury would have had to "reasonably . . . doubt the existence of an element of a charged crime."  See United States v. Watson, 952 F.2d 982, 987 (8th Cir. 1991), cert. denied, 503 U.S. 994 (1992).  At trial, Eric Earnest and Ronald Mitchell--Mr. Griggs's half-bothers, who also participated in the robbery-- testified that the three used Mr. Griggs's manual-transmission car to drive to the post office and that Mr. Griggs acted as the lookout and the getaway driver; they also testified to the events of the robbery.  Two citizens who entered the post office at separate times during the robbery testified that two men with guns tied them up inside the facility. One victim identified a picture of Griggs's car as looking similar to a car he saw outside the facility, and testified that someone in the car had honked the horn as he entered the post office.  Both victims indicated that Mr. Griggs was not one of the robbers inside the post office.  We conclude this evidence was sufficient to support the jury's verdict.  See 18 U.S.C. §§ 2114(a), 2; United States v. Sobrilski, 127 F.3d 669, 677 (8th Cir. 1997) (elements of aiding and abetting), cert. denied, 118 S. Ct. 1093 and 1175 (1998).

We also reject Mr. Griggs's pro se arguments.  First, we decline to address Mr. Griggs's ineffective-assistance-of-counsel claims, as they are more appropriately addressed in a 28 U.S.C. § 2255 proceeding where a record can be fully developed.  See United States v. Mitchell, No. 96-3496, 1998 WL 65546, at * 1 (8th Cir. Feb. 19, 1998).  Next, we reject Mr. Griggs's claim that the government failed to prove "territorial jurisdiction" over him, as robbing a post office is a federal crime.  See 18 U.S.C. § 2114(a).

Mr. Griggs's third argument, which we review for plain error as he failed to raise the issue below, is his trial was tainted by the use of Mr. Mitchell's testimony that differed from his testimony during Mr. Griggs's first hung-jury trial on the same

offense.  See United States v. Peak, 856 F.2d 825, 830-31 (7th Cir.) (where defendants did not point out possible perjured testimony during trial despite ability to detect such perjury and also did not include such issue as ground for new trial, appellate court would review argument concerning use of testimony only for plain error), cert. denied, 488 U.S. 969 (1988); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (defining plain error).  Even assuming as true that Mr. Mitchell perjured himself during the second trial when he testified he had never driven a manual-transmission car, and that the government was aware of the perjury, we conclude the perjured testimony did not have a reasonable likelihood of affecting the jury's decision. See United States v. Tierney, 947 F.3d 854, 860-61 (8th Cir. 1991).

Mr. Griggs's last argument is that testimony regarding his participation in a prior bank robbery was improper Federal Rule of Evidence 404(b) character evidence.  See Fed. R. Evid. 404(b) (prior bad acts may be admitted to demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).  As Mr. Griggs did not object at trial, we also review this argument for plain error, and find none: even assuming the evidence was improper, the government's evidence was sufficient to support the jury's verdict without the challenged testimony. See Fed. R. Crim. P. 52(b); United States v. Abrams, 108 F.3d 953, 955 (8th Cir. 1997) (where defendant failed to object to testimony at trial, this court reviews claims relating thereto for plain error; holding admission of prejudicial statements neither deprived defendant of fair trial nor seriously affected fairness or integrity of proceeding because government's case was not solely dependent on prejudicial testimony).

Having reviewed the record, we find no other non-frivolous issues.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, the judgment is affirmed.

We deny Mr. Griggs's motion for a transcript of his first trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.