# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1001

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Mark Edward Wabasha, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 7, 1998

Filed: July 16, 1998

_____

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Mark Edward Wabasha pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 2; to breaking into a United States Post Office with the intent to commit a larceny and other depredation, in violation of 18 U.S.C. §§ 2115 and 2; and to stealing firearms from a licensed dealer, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1). The district court[1] sentenced Wabasha to a total of 180 months' imprisonment and four years' supervised release, and ordered

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

restitution.  This appeal followed.  After appellate counsel moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), we granted Wabasha permission to file a pro se supplemental brief, and he has done so.  We affirm.

The <u>Anders</u> and pro se briefs each contain an argument that the district court erred in classifying Wabasha as an armed career criminal because his prior convictions were neither violent nor separate felonies as required for application of the 15-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1).  We reject this argument, as Wabasha stipulated in the plea agreement to his status as an armed career criminal under section 924(e)(1) and to the resulting base offense level.  <u>See</u> <u>United States v. Early</u>, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam) (defendant cannot challenge Guidelines application on appeal where defendant's plea agreement expressly sets forth base offense level and defendant does not challenge validity of plea agreement); <u>United States v. Fritsch</u>, 891 F.2d 667, 668 (8th Cir. 1989) (where defendant voluntarily exposed himself to specific sentence and did not object in district court, he waived his right to appeal punishment).  To the extent Wabasha is alleging in his supplemental brief that his counsel was ineffective, we conclude that this argument would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding where a record can be fully developed.  <u>See</u> <u>United States v. Mitchell</u>, 136 F.3d 1192, 1193 (8th Cir. 1998).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.