# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1971

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Carlos Penuelas-Santos, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 7, 1999
Filed: April 12, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Carlos Penuelas-Santos pleaded guilty to conspiring to distribute marijuana, in violation of 21 U.S.C. § 846. At sentencing Penuelas-Santos argued, as relevant, that he was eligible for relief under the "safety-valve" exception to the statutory minimum sentence. See 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines Manual § 5C1.2 (1998). After hearing testimony from two government witnesses, the district court[1] found that Penuelas-Santos was not entitled to safety-valve relief, and

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

sentenced him to 60 months imprisonment (the statutory minimum) and four years supervised release. Penuelas-Santos appeals, and we affirm.

After carefully reviewing the sentencing-hearing transcript, we reject Penuelas-Santos's argument that the court misinterpreted the language of section five of the safety-valve statute, as the court's reading tracked the statute's and Guideline's plain language. See United States v. Akbani, 151 F.3d 774, 777 (8th Cir. 1998) (reviewing de novo district court's legal interpretation of terminology in Guidelines). Furthermore, the burden was on Penuelas-Santos to show that he had satisfied the statute's elements, and we do not believe the district court clearly erred in finding that Penuelas-Santos failed to truthfully provide all information he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See 18 U.S.C. § 3553(f)(5); U.S. Sentencing Guidelines Manual § 5C1.2(5) (1998); United States v. Weekly, 118 F.3d 576, 581 (8th Cir.) (standard of review), modified on other grounds, 128 F.3d 1198 (8th Cir.), cert. denied, 118 S. Ct. 611 (1997); United States v. Romo, 81 F.3d 84, 85-86 (8th Cir. 1996).

We also believe Penuelas-Santos's claim of ineffective assistance of counsel would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding where a record can be fully developed. See United States v. Mitchell, 136 F.3d 1192, 1193 (8th Cir. 1998).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.