# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3958
_____

United States of America,         *
                                           *

          Appellee,          *
                                           *

    v.                   *
                                         *

Jose Martinez,              *
                                         *

         Appellant.       *

_____

No. 97-4004
_____

Appeals from the United States
District Court for the
Northern District of Iowa

United States of America,         *       [UNPUBLISHED]
                                         *

          Appellee,          *
                                         *

    v.                   *
                                         *

Timothy Youngbear,        *
                                         *

         Appellant.       *

_____

Submitted:   May 7, 1999

Filed:   July 7, 1999

_____

_____

Before McMILLIAN, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

In these consolidated direct criminal appeals, Jose Martinez and Timothy Youngbear appeal from the sentences imposed in the District Court[1] for the Northern District of Iowa following Youngbear's guilty plea to aiding and abetting the distribution of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and Martinez's guilty plea to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Youngbear to 60 months imprisonment, 4 years supervised release, and ordered him to pay $1,000 in restitution. The district court sentenced Martinez to 120 months imprisonment and 8 years supervised release. For reversal Youngbear argues that he received ineffective assistance of counsel at sentencing, and that his prison sentence and the restitution ordered were too harsh. Martinez argues there was insufficient evidence for the district court to find that, in addition to the 498.62 grams of cocaine that he agreed he conspired to distribute, at least 1½ grams of cocaine was further attributable to him as relevant conduct, which subjected him to the 120-month mandatory minimum sentence. Appellate counsel moved to withdraw in each case pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and neither appellant has filed a pro se supplemental brief. For the reasons below, we affirm the judgments of the district court.

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

As to Martinez's drug-quantity argument, we conclude the district court did not clearly err in finding that more than 500 grams of cocaine were involved. See United States v. Payne, 119 F.3d 637, 645 (8th Cir.) (standard of review), cert. denied, 118 S. Ct. 454 (1997). The district court credited the testimony of FBI Special Agent Kreg Stonestreet, who testified that he had interviewed Martinez after his arrest, and that Martinez told him he had been selling drugs for another codefendant "for some time"; that he was aware the codefendant made monthly trips to California to obtain two to three kilograms of cocaine at a time; that just prior to Martinez's arrest, the codefendant had shown him a bag containing two kilograms of cocaine; and that two days prior to his arrest, an individual had obtained an ounce of cocaine from the codefendant in Martinez's presence. Based only on Stonestreet's testimony that Martinez had said he was present during a one-ounce sale just days before his arrest, the total drug quantity exceeded the 500-gram minimum amount necessary to trigger the statutory minimum, taking into account Martinez's prior drug felony conviction. See 21 U.S.C. § 841(b)(1)(B)(ii); U.S.S.G. § 2D1.1, comment. (n.10) (1998) (1 ounce equals 28.35 grams); United States v. Jones, 160 F.3d 473, 480 (8th Cir. 1998) (member of conspiracy responsible for all reasonably foreseeable acts or omissions of others in furtherance of conspiracy); United States v. Townley, 929 F.2d 365, 370 (8th Cir. 1991) (quantities must fall within scope of criminal activity jointly undertaken by defendant and must be reasonably foreseeable to him); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (finding on witness credibility is virtually unreviewable on appeal).

As to Youngbear, we reject his argument that the 60-month sentence was too harsh. Youngbear stipulated that 60 months was the mandatory minimum and agreed that the safety-valve provision did not apply in his case. See United States v. Durham, 963 F.2d 185, 187 (8th Cir.) (defendant who agrees sentence is minimum mandated by statutes and accepts benefit of plea agreement waives objection to sentence), cert. denied, 506 U.S. 1023 (1992). In any event, the argument lacks merit. See United States v. Mendoza, 876 F.2d 639, 640-41 (8th Cir. 1989) (mandatory minimum

penalties for drug offenses do not violate Eighth Amendment's prohibition on cruel and unusual punishments).

We also hold the district court did not plainly err in imposing $1,000 in restitution, to which Youngbear did not object at sentencing. See United States v. Riebold, 135 F.3d 1226, 1231 (8th Cir.) (where defendant fails to object to restitution order at sentencing, this court conducts plain-error review), cert. denied, 118 S. Ct. 2356 (1998). District courts have wide discretion to order restitution and may do so even though the defendant is indigent at the time the sentence is imposed. See United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995). The district court considered Youngbear's ability to pay, as evidenced by the district court's statements that the amount appeared reasonable over his four-year period of supervised release and that Youngbear had no ability to pay a fine. Although the district court did not make more specific findings of fact regarding Youngbear's ability to make restitution, the importance of such findings is lessened when the defendant does not object or request findings at sentencing. See Riebold, 135 F.3d at 1231-32. Moreover, Youngbear may assert his indigency in any future proceeding to enforce the restitution order. See id. at 1232.

Finally, we conclude Youngbear's ineffective-assistance claim would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding where a record can be fully developed. See United States v. Mitchell, 136 F.3d 1192, 1193 (8th Cir. 1998).

After reviewing the record in both cases in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, the judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.