# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3935

_____

UNITED STATES OF AMERICA,      *
                        *

      Appellee,              *
                        *

      v.                     *    Appeal from the
                        *    United States District Court

SYLVESTER EVANS,          *    For the Eastern District
                        *     of Missouri.

      Appellant.             *

[UNPUBLISHED]

_____

Submitted: June 15, 1999
Filed: July 30, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER[1],
     District Judge

_____

PER CURIAM

       Defendant Sylvester Evans was convicted of possessing cocaine base, also known as "crack" cocaine, with intent to distribute.  He appeals, arguing that the district court[2] erred by admitting evidence of a prior drug offense and other bad acts.  We affirm.

_____

[1] The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, presiding.

## BACKGROUND

In March 1998, St. Louis police officers executed a search warrant for evidence of drug dealing in Evans's house. Officers arrested Evans and confiscated a loaded handgun from him. From the house, officers seized a digital scale, almost 18 grams of powder cocaine, and 9 grams of crack cocaine, some of which appeared to be packaged for retail sale.

At trial, the district court allowed Scott Gardner, a St. Louis police officer, to testify about Evans's prior state conviction for drug trafficking and unlawful use of a weapon. Gardner testified that in 1993, he stopped Evans for running a red light and confiscated a handgun and two grams of crack cocaine from him. Following the arrest, a scale and three grams of crack cocaine were seized from a house associated with Evans. Gardner also testified about other encounters with Evans, including unspecified "neighborhood disturbances" and an incident in which police sprayed mace at Evans.

Evans testified at trial that the cocaine seized from the house was not his and that he was not dealing drugs. Evans, who is black, claimed that both his prior drug trafficking conviction and the current offense were engineered by racist neighbors and police officers.

## STANDARD OF REVIEW

We review the district court's admission of evidence for abuse of discretion. United States v. Molina, 172 F.3d 1048, 1054 (8th Cir. 1999). We reverse only if the evidence of prior bad acts had no bearing on any of the issues. United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998).

## DISCUSSION

### I. Admission of Evidence Under Rule 404(b)

#### A. Standards

Evidence of other crimes or bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). To be admissible, evidence of other crimes must be (1) relevant to a material issue; (2) of crimes similar in kind and reasonably close in time to the crime charged; (3) sufficient to support a finding that the defendant committed the other crime;

and (4) more probative than prejudicial.  See United States v. Oates, 173 F.3d 651, 659 (8th Cir. 1999).

### B.  Admitted Evidence
#### 1.  Prior Drug-Trafficking Conviction

The district court did not abuse its discretion in admitting Gardner's testimony about Evans's prior drug trafficking offense.  The circumstances of that offense, which were similar to the current offense, tended to show Evans's knowledge of crack cocaine and his intent to distribute it.   See Molina, 172 F.3d at 1054 (prior drug convictions "demonstrated that [defendant] had a working knowledge of the drug trafficking trade, which cast doubt upon her defense that she was [her co-defendant's] uninvolved companion").  The prior offense is sufficiently recent to be admissible.  See United States v. Shoffner, 71 F.3d 1429, 1432-33 (8th Cir. 1995) (six-year-old marijuana growing conviction admissible to show knowledge and intent of defendant charged with conspiracy to distribute marijuana); United States v. Bryson, 110 F.3d 575, 583 (8th Cir. 1997) (five-year-old conviction admissible).  Any prejudice "is outweighed by the probative value gained from" countering Evans's testimony.  Molina, 172 F.3d at 1054.

#### 2.  Other Prior Bad Acts

The district court allowed Gardner to testify about several encounters between Evans and police officers.  Evans argues that this evidence was unduly prejudicial.

At trial, Evans claimed to be the victim of police harassment.  Because Evans opened the door to the subject, the district court properly allowed testimony about Evans's encounters with police.  See Spencer v. Stuart Hall Co., 173 F.3d 1124, 1131 (8th Cir. 1999) (no abuse of discretion to admit evidence if party claiming error opened door to evidence).

## II.  Ineffective Assistance of Counsel

Evans claims that he received ineffective assistance of counsel at trial.  This claim is more appropriately addressed in a proceeding under 28 U.S.C. § 2255, where the parties can develop a complete record.  See United States v. Mitchell, 136 F.3d 1192, 1193 (8th Cir. 1998).

**CONCLUSION**

We affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.