GRUENDER, Circuit Judge, dissenting.
 

 I would hold that the Government breached the plea agreement on December 27, 2017 when it invited the district court to consider denying Beattie a reduction for acceptance of responsibility on the basis of his alleged pre-plea obstruction of justice. Accordingly, I would vacate his sentence and remand for resentencing before a different judge.
 
 See
 

 United States v. Mosley
 
 ,
 
 505 F.3d 804
 
 , 809-12 (8th Cir. 2007).
 

 While "[c]ontract principles often provide a useful means by which to ... ensure the defendant what is reasonably due to him in the circumstances," a plea agreement "is not simply a contract between two parties."
 
 United States v. Norris
 
 ,
 
 486 F.3d 1045
 
 , 1048 (8th Cir. 2007). "Plea agreements are an essential component of the administration of justice, and fairness is presupposed in securing such agreements."
 
 United States v. Mitchell
 
 ,
 
 136 F.3d 1192
 
 , 1194 (8th Cir. 1998) (internal quotation marks omitted). Thus, technical adherence by the Government to promises it makes in plea agreements is not enough.
 

 Id.
 

 The Government must also uphold the "spirit" of those promises.
 

 Id.
 

 ;
 
 see also
 

 United States v. Vennes
 
 ,
 
 103 F.Supp.3d 979
 
 , 992 (D. Minn. 2015) (noting that the Government "cannot take steps amounting to an end run around the [plea] agreement").
 

 Here, the Government promised to recommend that Beattie "receive credit for acceptance of responsibility under USSG § 3E1.1." The Government reserved the right to oppose such a reduction only if "after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw
 Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility." On December 27, 2017, the Government purported to adhere to its promise by recommending a reduction for acceptance of responsibility but then added that "[t]he court will have to determine whether the defendant's refusal to comply with a state warrant to provide access to his phone is sufficient obstruction of justice to merit denial of acceptance of responsibility."
 

 This statement involved more than "merely not[ing] that the court would ultimately determine whether the facts supported a denial of a reduction for acceptance of responsibility."
 
 Ante
 
 , at 1114. Rather, the Government affirmatively directed the district court to consider specific facts that undermined the Government's promise to recommend the acceptance of responsibility reduction. Specifically, the Government's statement implied that Beattie's alleged refusal to comply with a warrant for access to his phone could be a "sufficient obstruction of justice to merit denial of acceptance of responsibility." But Beattie's alleged refusal to comply with the warrant for access to his phone occurred
 
 before
 
 the plea proceedings. And the plea agreement only gave the Government the right not to recommend a reduction for acceptance of responsibility on the basis of an obstruction of justice if that obstruction occurred
 
 after
 
 the plea proceeding. Thus, while the Government purported to recommend a reduction for acceptance of responsibility, it nonetheless invited the district court to deny a reduction on the basis of an alleged pre-plea obstructive act. I would hold that this was, at the very least, a violation of the "spirit" of the plea agreement.
 
 See
 

 Mitchell
 
 ,
 
 136 F.3d at 1194
 
 .
 

 Accordingly, I would vacate Beattie's sentence and remand for resentencing before a different judge. This is the proper remedy regardless of whether the Government was subsequently entitled to oppose a reduction for acceptance of responsibility on the basis of Beattie's post-plea conduct.
 
 See
 

 Mosley
 
 ,
 
 505 F.3d at 810
 
 (holding that "the government's breach of the plea agreement is not subject to traditional harmless-error analysis").