# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1696
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan M. Wells

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 12, 2023
Filed: March 28, 2023
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

SMITH, Chief Judge.

Jonathan Wells pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The parties stipulated in the plea agreement that his offense level would be reduced by two levels pursuant to U.S.S.G. § 2G2.2(b)(1) because he did not intend to distribute the illegal material. The district

court[1] sentenced Wells to 120 months of imprisonment, a sentence within the calculated Guidelines range of 97–121 months. Wells appeals, arguing that the government breached the plea agreement by arguing at sentencing that he had distributed the material. Wells did not object at sentencing. We hold that the district court did not plainly err and affirm.

## I. *Background*

In late 2019 and early 2020, Wells uploaded 94 images of child pornography to Adobe Systems Inc.'s (Adobe) online editing software. Adobe then reported the upload to authorities. Law enforcement obtained a search warrant for Wells's residence and executed it on November 19, 2020. They found over 23,000 images of child pornography on his computer; over 1,000 images of child pornography on a thumb drive; 129 images on an external hard drive; and 1,057 images on his cell phone. The images depicted the sexual abuse of minors as young as infants. Notably among the files were images that were edited to include the face of a seven-year-old child who was the daughter of a family friend of Wells. He also edited his own face, body, and genitalia into the images. The edited images gave the appearance that Wells was engaged in sexual activity with the young girl.

Wells was indicted for one count of receipt of child pornography. He pleaded guilty and executed a plea agreement with the government. The plea agreement provision relevant to this appeal reads as follows:

> (2) Specific Offense Characteristics: The parties agree that the following Specific Offense Characteristics apply:
>
> (a) Two (2) levels should be deducted pursuant to § 2G2.2(b)(1), because the "defendant's conduct

---

[1] The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and the defendant "did not intend to traffic in or distribute such material". . . .

R. Doc. 53, at 7 (emphasis omitted). In the plea agreement, the parties estimated that the total offense level was 30. Based on an offense level of 30 and a criminal history category of I, the applicable Guidelines sentencing range was 97–121 months.

At sentencing, Wells argued for a 60-month sentence, the statutory minimum, and 37 months below the low end of the Guidelines range. He contended that no evidence of distribution existed. In seeking a sentence higher in the range, the government's response did not assert otherwise but did say that no evidence existed that Wells had *not* distributed the child pornography. The government stated:

> Along with those images, law enforcement found multiple indications of evidence of Bit-torrent programs. Bit-torrent programs are a very widely used means to gather child pornography. They allow computers to connect in what's often called peer-to-peer networks and allow users to take images and files from other computer users and, by necessity, to distribute them as well.
>
> . . .
>
> But to characterize that the government should give him a benefit because he didn't distribute is also not in evidence. So there's no evidence he didn't distribute. But I will stand by that there's no evidence that I'm asking the Court to consider that he did. But there were these Bit-torrent programs. And I think it's important to point that out so the Court understands the nature of how the defendant got this material and the risk he was engaging in about further distributing it.

R. Doc. 85, at 25–26.

The district court found that the Guidelines range of 97–121 months was correct. It sentenced Wells to 120 months of imprisonment. In doing so, the court expressly relied upon the abusive nature of the images, the age of many of the children in the images, the overall quantity of images possessed by Wells, and the victimization of the young girl edited into several of the images. In explaining its ultimate sentencing decision, the district court made no mention of distribution or potential distribution. It explained:

> And as has been discussed, there's well over 25,000 images and videos that were on the defendant's cellular telephone, computer equipment and thumb drive and external hard drive. As was noted, the median number, average number of images in 2019 as shown by the sentencing commission is 4,265 images. So we are talking somewhere near over six times the number of images, the average number of images we're dealing with.
>
> The nature of the materials shows the defendant had a very strong interest in not only child pornography itself but in the sexual abuse of infants and toddlers, the sexual abuse of female children under the age of ten, preteens, and those who are subjected to bondage and physical restraint. In reading the descriptions of the images in this case, they are abhorrent and shocking to any reasonable mind.

*Id.* at 51. The district court's rationale made no mention of distribution or potential distribution in arriving at its sentence. Additionally, the district court reasoned that "a below-average or average sentence . . . would . . . create unwarranted sentencing disparities among similarly-situated defendants when you consider the graphic nature of these images, the volume of these images, the victimization of K.S. and all of the attendant circumstances that have been discussed here." *Id.* at 57.

## II. *Discussion*

On appeal, Wells argues that the government breached the plea agreement during oral argument by mentioning that no evidence existed either way as to distribution. He argues that this breach was clear based on this court's precedent and that the breach changed the ultimate outcome of the district court's sentencing decision.

The government responds that it did not breach the plea agreement because (1) its stipulation had only agreed to support the two-level reduction, (2) it explicitly noted during its argument that there was no evidence of distribution, (3) it asked the court not to factor distribution into the ultimate sentence, and (4) it requested a sentence within the Guidelines range agreed to by the parties. In the alternative, the government asserts that Wells's argument fails plain-error review.

Ordinarily, a breach of a plea agreement is reviewed de novo as a question of law. *United States v. Smith*, 590 F.3d 570, 576 (8th Cir. 2009). However, Wells did not preserve the issue for appeal, so we review for plain error. *See id*. Wells agrees that this is the correct standard of review. Plain-error review requires Wells to show the following:

> First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Barthman*, 919 F.3d 1118, 1120–21 (8th Cir. 2019) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Wells bears the burden of establishing each of these prongs. *See id.* at 1121.

First, we consider whether there was a legal error. Wells contends that the legal error was the breach of the plea agreement, which would have entitled him to either specific performance of the agreement or the withdrawal of the guilty plea. *See United States v. Thomas*, 58 F.4th 964, 976 (8th Cir. 2023). Ordinary contract principles are used to interpret the provisions of the plea agreement. *Id*. at 971. Any ambiguities are construed against the government. *Id*. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). This court requires that any promise in the plea agreement that constitutes a significant part of the defendant's inducement or consideration be filled in order to satisfy due process. *United States v. Torres-Rivas*, 825 F.3d 483, 485 (8th Cir. 2016). We also require "meticulous fidelity to the plea agreement." *United States v. Collins*, 25 F.4th 1097, 1102 (8th Cir. 2022) (internal quotation marks omitted).

The government breaches the plea agreement if it presents evidence that is contrary to a relevant stipulation within the agreement. *See United States v. DeWitt*, 366 F.3d 667, 670–71 (8th Cir. 2004) (holding government breached plea agreement when it stipulated to a certain drug quantity but presented evidence of a higher quantity at sentencing); *United States v. Thompson*, 403 F.3d 1037, 1041 (8th Cir. 2005) ("Although nothing in the record suggests that the prosecutor here acted in bad faith, we conclude that his unrequested advocacy of the application of a guideline provision that undermined the applicability of section 2K2.1(a) breached the plea agreement."); *United States v. E.V.*, 500 F.3d 747, 752–754 (8th Cir. 2007) (holding government breached the plea agreement where government introduced testimony about being accompanied by armed men when agreement said that firearm

enhancement would not apply); *United States v. Lara*, 690 F.3d 1079, 1083 (8th Cir. 2012) (holding government breached the plea agreement where parties stipulated to a particular drug quantity but government presented evidence that raised quantity).

In this case, the government did not add evidence to the record indicating that Wells distributed any of the child pornography. But it did say that there was evidence of the use of torrenting programs. Torrenting programs, the government stated, "allow users to take images and files from other computer users and, by necessity, to distribute them as well." R. Doc. 85, at 25. The government did explicitly state that "there[] [was] no evidence that [it was] asking the Court to consider that [Wells] did" distribute pornography. *Id.* at 26. For purposes of this appeal, we will assume without deciding that the government's reference to distribution software breached the agreement. The plain error inquiry does not end there, however.

Second, in order to warrant reversal on plain-error review, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135. The statements made and evidence presented in *Lara*, *Thompson*, *E.V.*, and *DeWitt* were clearly contradictory to the express stipulations in the plea agreements. Here, the government's statements about the characteristics of torrenting programs taken in isolation may have had the same effect as the evidence or statements in *DeWitt* and *Thompson*. However, the government emphasized that the evidence on distribution was "neutral" and that it was making this argument in response to Wells's request for a downward variance based on the lack of distribution. R. Doc. 85, at 26. Moreover, the two-level reduction sought by the plea agreement was granted, and Wells was sentenced within the Guidelines range that resulted from that reduction. For these reasons, if the court erred in not finding an actual breach of the plea agreement, the error was not plain.

In addition to the error not being plain, it did not "affect[] [Well's] substantial rights," because it did not "affect[] the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks omitted). While Wells asserts that the introduction of the distribution evidence resulted in a longer prison sentence, he points to no statements by the district court suggesting that the government's statement affected its sentencing rationale. And while Wells contends that the sentence is higher than average sentence for possession cases and that distribution was one of several potentially aggravating factors affecting the sentence, the district court made no mention of distribution in explaining its sentence.

As stated previously, Wells bears the burden of proving that his substantial rights were affected. *Barthman*, 919 F.3d at 1121. Wells points to no evidence, and we find none in the record, that the district court's ultimate sentence of 120 months was the result of the government's statements about distribution software and the neutral state of the evidence. The language of the district court specifies the quantity of images, the nature of the images, and the victimization of the family friend's daughter as the basis for its sentence. It would be speculation to assume the court's phrase "attendant circumstances" meant it relied on the government's mention of torrenting software. The specific facts mentioned, without more, support the sentence imposed. Wells received the benefit of his plea bargain—the two-level reduction in offense level for not distributing. Because Wells cannot show that the result would have been different in the absence of the alleged error, he fails to show entitlement to reversal on the basis of plain error.

### III. *Conclusion*

Accordingly, we affirm.

_____