# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1769
_____

United States of America

*Plaintiff - Appellee*

v.

Scott Howard Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: February 14, 2025
Filed: August 20, 2025

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

SMITH, Circuit Judge.

Pursuant to a written plea agreement, Scott Howard Johnson pleaded guilty to two counts of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e), in exchange for the government's dismissal of his remaining counts and its

sentencing recommendation of 25 years' imprisonment. The district court,[1] however, sentenced Johnson to 45 years' imprisonment. Johnson appeals his sentence, arguing that the government violated the plea agreement at sentencing and that his sentence is unreasonable. We affirm.

## I. *Background*

Johnson began sexually abusing a female relative when she was eight years old. This abuse progressed to sexual intercourse when the victim reached 12 and continued until the victim turned 18. Johnson took numerous photos and made videos that depicted the victim entirely nude. Johnson also took videos that showed him sexually assaulting the victim.

After Johnson's arrest, he was charged in an eight-count indictment. Johnson eventually pleaded guilty to counts one and two of the indictment, sexual exploitation of a child. Johnson entered into a plea agreement. The agreement called for the government to dismiss the remaining counts. In addition, the government agreed to recommend at sentencing that he receive 25 years' imprisonment. The government understood also that Johnson would request 20 years' imprisonment. The written agreement stated that the government would "recommend a sentence of 25-years imprisonment and the defendant [would] recommend a sentence of 20-years." R. Doc. 35, at 7.

At sentencing, each party argued in favor of their sentencing recommendation. The government stated its sentencing position three times. First, the government stated that per the plea agreement, "the United States would restrict its recommendation to 25 years." R. Doc. 66, at 13. Second, the government said, "I believe 25 years . . . is at least minimally justice for what happened to [the victim] in this matter." *Id*. at 15. Finally, the government concluded that it would "ask the [c]ourt to impose no less than 25 years in this matter." *Id*. Johnson never objected

---

[1]The Honorable Daniel Mack Traynor, United States District Judge for the District of North Dakota.

that the government's phrasing of its sentencing recommendation breached the plea agreement.

The district court ultimately sentenced Johnson to 45 years' imprisonment, the middle of the Guidelines range of 30–60 years. It explicitly considered the 18 U.S.C. § 3553(a) factors:

The [c]ourt must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes provided in 18 U.S.C. [§] 3553(a). In determining a particular sentence to be imposed, the [c]ourt may consider:

The nature and circumstances of the offense of the defendant. Scott Howard Johnson is here for two counts of sexual exploitation of a child. In the presentence report, Mr. Johnson produced sexually explicit images and a video of himself and [his relative] engaging in sexual intercourse. Mr. Johnson admitted he had an unhealthy sexual relationship with his [relative]. He also had repeat[ed] and dangerous— he is also a repeat and dangerous sex offender against minors.

With regard to the seriousness of the offense, this offense is serious. Mr. Johnson coerced his [relative] to participate in a sexual relationship with him knowing it was wrong to do so. He threatened her. He inflicted physical punishment if she resisted participating in the sexual acts or told anyone what he was doing.

Mr. Johnson, with regard to just punishments, he sexually abused his [relative] admittedly for about ten years. The psychological impact of this abuse will follow her for the rest of her life. And so the [G]uideline[s] sentence of 360 months may provide just the start of the just punishment for Mr. Johnson's actions.

With regard to protection of the community, although Mr. Johnson denied sexual interest in minors other than his [relative], he was in possession of Child Sexual Abuse Material that did not involve [his relative]; and, therefore, it appears that Mr. Johnson has a profoundly difficult problem with regard to his prurient interest in

prepubescent females. And, therefore, a custodial sentence for what will be Mr. Johnson's life is an appropriate sentence here.

*Id*. at 20–21. This appeal followed.

## II. *Discussion*

On appeal, Johnson argues for the first time that the government breached its plea agreement by asking for "a sentence with a floor of 25 years" as opposed to asking "for a 25-year sentence." Appellant's Br. at 11. Johnson further argues that the district court abused its discretion by imposing a substantively unreasonable sentence.

### A. *Breach of the Plea Agreement*

When the defendant does not allege a breach of a plea agreement before the district court, we apply plain error review. *See United States v. Wells*, 63 F.4th 1180, 1184 (8th Cir. 2023). We will reverse on this standard if we find (1) an error; (2) the error is plain; (3) the error affects the defendant's substantial rights (i.e., it was prejudicial); and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009) (internal quotation marks omitted).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). This court requires "meticulous fidelity to the plea agreement." *United States v. Brown*, 5 F.4th 913, 916 (8th Cir. 2021). "Allowing the government to breach a promise that induced a guilty plea violates due process." *United States v. Jensen*, 423 F.3d 851, 854 (8th Cir. 2005). Concerns over broken plea agreements "run even wider than protection of the defendant's individual constitutional rights—to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal

scheme of government." *United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005) (internal quotation marks omitted).

Even when the government technically adheres to the promise in the plea agreement, the government may breach when their conduct "violate[s] the spirit of the promise." *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998). But a "recommendation . . . made in other than the most enthusiastic terms does not breach the agreement." *United States v. Baker*, 674 F.3d 1066, 1068 (8th Cir. 2012).

The dispute here concerns the three phrasings used by the government in making the recommendation. The first is that "the United States would restrict its recommendation to 25 years." R. Doc. 66, at 13. The second phrase is, "25 years . . . is at least minimally justice for what happened." *Id*. at 15. The last phrase is, "I'd ask the [c]ourt to impose no less than 25 years in this matter." *Id*. Nothing in Johnson's plea agreement prevented the government from arguing in support of its 25-year recommendation and against Johnson's 20-year recommendation. *See* R. Doc. 35. Thus, the agreement did not prevent the government from zealously advocating for a 25-year sentence or highlighting any of the number of reasons that a 25-year sentence should be chosen over Johnson's 20-year sentence recommendation.

Johnson first argues that the government's use of the word "restrict" violated the spirit of the plea agreement by suggesting that the government would prefer a more severe sentence but was restricted by the plea agreement. But the government's use of "restrict" is correct given the plea agreement. "Restrict" is defined as "to set bounds or limits to" or "hold within bounds." *Restrict,* Merriam-Webster's Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/restrict (last visited June 4, 2025). This is exactly what the plea agreement did, and the government acknowledged that with the word "restrict." The government conveyed that it sought no more than 25 years based on the plea agreement.

Johnson relies on several cases for reversal. None of Johnson's cited authorities, however, involve plain error by a district court based on the government's alleged breach of the plea agreement by an allegedly nonconforming recommendation. *See Mitchell*, 136 F.3d at 1194 (holding that the government breached the plea agreement when it stated that it had no sentencing recommendation despite its promise to recommend a downward departure and otherwise violated the spirit of the agreement by effectively opposing the recommendation it agreed to make); *United States v. Beston*, 43 F.4th 867, 878 (8th Cir. 2022) (finding plain error when the government failed to make the restitution recommendation required and actively argued against the agreed-to amount); *United States v. Yah*, 500 F.3d 698, 704 (8th Cir. 2007) (holding that the government breached when it entirely failed to recommend a sentence at the low end of the applicable Guidelines range as it had agreed to); *United States v. Van Thournout*, 100 F.3d 590, 596 (8th Cir. 1996) (holding that the government breached the plea agreement when it agreed to recommend concurrent sentences but recommended consecutive sentences).

Each of these cases substantially differs from the instant case. In each of them, the government either made no recommendation or advocated a substantially higher sentence than the plea agreement required. In *Mitchell*, the government agreed to recommend a downward departure but instead stated that it had "no specific recommendation as to the sentence." 136 F.3d at 1194. In *Beston*, while the court did reverse on plain error, the government there explicitly disagreed with the recommendation in the plea agreement. 43 F.4th at 873–74. There, the plea agreement required the government to explicitly recommend $16,950 in restitution, which it did not do at sentencing, and the government even disagreed with the defendant's reasoning as to this amount. *Id*. ("[T]he government's comments at sentencing make its failure to abide by its promise inexcusable, as it effectively advocated for the higher restitution amount. The government explicitly disagreed with Beston's reasoning in support of the [amount stated in the plea agreement]. The government claimed to have made a mistake in its calculation of the [amount stated in the plea agreement]and indicated that case law supported [a] higher amount."). In

-6-

*Yah*, the plea agreement required the government to recommend a sentence at the low end of the Guidelines range, but the government thought other language in the plea agreement allowed it to recommend a sentence at the high end. *See* 500 F.3d at 702. In *Van Thournout*, "the government promised to recommend concurrent sentences but in fact recommended consecutive sentences." 100 F.3d at 595. These cases do not support an argument for plain error. On these facts, even if the government's recommendation arguably violated the spirit of the agreement, it does not meet the test for reversible plain error. In contrast to these cases, the government here made the recommendation required in the plea agreement, even if it was not in the exact language or with the precise level of enthusiasm that Johnson would have preferred.

In *United States v. Ubiles-Rosario*, the government agreed to recommend within the Guidelines range of 262–300 months with "the right to allocute for a term of imprisonment up to three hundred (300) months." 867 F.3d 277, 280 (1st Cir. 2017). At sentencing, the government instead argued its position for a top of the guidelines range sentence and called for a sentence of "no less than 300 months." *Id*. at 281 (emphasis omitted). The court there held that the government did not breach by mentioning facts that supported its view of the appropriate sentence. *Id*. at 288 ("[T]he plea agreement did not bar the government from bringing what it viewed as the relevant facts to the district court's attention in connection with its sentence recommendation."). The First Circuit held the phrase "no less than 300 months" to mean that the government was arguing that anything less than 300 months was not appropriate. *Id*. at 289. This was because "the phrase 'not less than 300 months' is not literally inconsistent with the prosecution's plea-agreement obligation to recommend a sentence up to 300 months: Read literally, it suggests that anything less than 300 months . . . was not appropriate." *Id*. The First Circuit thus held that the government did not breach its obligation under the plea agreement. The same logic applies here to Johnson. There was possibly no error and certainly no plain error when the government here used the phrases "no less than 25 years," R. Doc. 66, at 15, "restrict its recommendation to 25 years," *id*. at 13, or "at least minimally

justice," *id*. at 15, when these phrases are not in conflict with the government's obligation to recommend a sentence of 25 years. R. Doc. 66, at 13, 15.

Even if Johnson could show an error that was plain, he has not shown prejudice. This record does not support "a 'reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence.'" *Lovelace*, 565 F.3d at 1088 (quoting *United States v. Pirani*, 406 F.3d 543, 552 (8th Cir. 2005) (en banc)). Johnson cannot show that but for the district court considering the government's alleged nonconforming recommendation that he would have received a more favorable sentence. The district court never highlighted the government's recommendation and made only a passing reference to "statements of counsel." R. Doc. 66, at 21. The record shows that the district court considered the § 3553(a) factors and Johnson's heinous, exploitative, and prolonged sexual abuse of his minor relative. The court signaled its strong inclination for a higher sentence for reasons other than consideration of the government's disputed recommendation. It stated that "the [G]uideline[s] sentence of 360 months may provide just the start of the just punishment for . . . Johnson's actions." *Id*. Thus, Johnson was not prejudiced by any alleged error, and therefore fails under plain error review.

B. *Reasonableness of the Sentence*

Johnson also challenges the substantive reasonableness of his sentence. We review this argument for abuse of discretion. *United States v. Nosley*, 62 F.4th 1120, 1130 (8th Cir. 2023). "A district court abuses its discretion if it 1) fails to consider a significant factor it should have, 2) gives significant weight to an improper or irrelevant factor, or 3) considers the appropriate factors but commits a clear error of judgment in weighing them." *United States v. Soliz*, 857 F.3d 781, 783 (8th Cir. 2017). "[S]ubstantive appellate review in sentencing cases is narrow and deferential." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (internal quotation marks omitted). A "sentence within the advisory [G]uidelines range is presumptively reasonable." *United States v. Jones*, 71 F.4th 1083, 1087 (8th Cir. 2023). "The district court has wide latitude to weigh the relevant sentencing

criteria, and has no obligation to accept the recommendation of the parties in a non-binding plea agreement." *Id.* (internal quotation marks omitted). Mere "disagreement with how the district court weighed the relevant sentencing factors does not justify reversal." *Id.*

Johnson argues that the district court placed too little weight on his good characteristics and his acceptance of responsibility and too much weight on the need to deter criminal conduct and deter Johnson from committing further crimes. The record shows that the district court considered the entire sentencing record, including Johnson's mitigating evidence, in making its decision. It also considered the § 3553(a) factors. Johnson's arguments disagree with the district court's weighing of those factors but do not show any error by the court. He does not allege that the district court failed to consider a factor or considered any improper or irrelevant factor. "[A]ssign[ing] relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors." *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011) (cleaned up). The district court did not abuse its discretion.

## III. *Conclusion*

Based on the foregoing reasons, we conclude that Johnson has not shown that the district court plainly erred in sentencing him to more than 25 years, and the 45-year sentence imposed was not substantively unreasonable.

KELLY, Circuit Judge, concurring in part and concurring in the judgment.

On plain error review, Johnson has not shown that any error affected his substantial rights. *See Lovelace*, 565 F.3d at 1087. It is far from clear to me, however, that there was no implicit breach of the plea agreement here. As such, I would resolve this claim on the prejudice prong, without reaching the question of breach.

_____