# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1279
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Arthur Barthman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 16, 2018
Filed: April 3, 2019

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Brian Barthman pled guilty to one count of possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). In the sentencing analysis, Barthman was assigned a total of six criminal-history points due to prior convictions in Minnesota state court for first- and second-degree criminal sexual conduct, which were treated as a single sentence for crimes of

violence under United States Sentencing Commission, <u>Guidelines Manual</u>, § 4A1.1, comment. (n.5), and which yielded a criminal-history category of III.[1] Barthman was given a total offense level of 32. The district court found his Guidelines range was 151-188 months. Barthman was sentenced to 151 months imprisonment, to run concurrently with a state-court sentence. The district court also imposed a lifetime of supervised release.

On appeal, Barthman challenges his sentence, arguing that the district court committed procedural error because he should have received only three, not six, criminal-history points, which would have yielded a criminal-history category of II, not III, and would have placed him within a lower Guidelines range of 135-168 months. In other words, Barthman contends he was placed in the wrong criminal-history category when he was given three additional criminal-history points for the prior convictions. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007) (noting that appellate courts "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range"). The government agrees Barthman's criminal-history score was miscalculated because the applicable Minnesota statutes of conviction, Minn. Stat. §§ 609.342-.343, apply to victims under the age of 13, while the federal comparator statute, 18 U.S.C. § 2241(c), in relevant part, applies to victims under the age of 12. However, the government argues resentencing is unwarranted. We disagree and, accordingly, vacate the sentence and remand the case to the district court for resentencing.

---

[1]We grant Barthman's motion to take judicial notice of his Minnesota state-court records.

I.

Before reaching the merits, the parties dispute whether Barthman preserved his claim on appeal in the district court. However, whether Barthman preserved his claim does not affect the outcome of this case. The government does *not* argue Barthman has *waived*, as opposed to *forfeited*, his claim, which would foreclose appellate review all together. See United States v. Olano, 507 U.S. 725, 733-34 (1993); United States v. Mariano, 729 F.3d 874, 880-81 (8th Cir. 2013). The government concedes that the district court committed procedural error when it increased Barthman's criminal-history category by assigning three additional points and that such error was prejudicial to Barthman because he was given a higher Guidelines range. However, it argues that, under plain-error review, the error was not "plain" and that even if it was plain this Court should not exercise its discretion to remedy the error. See Appellee's Br. 10-11; see also Olano, 507 U.S. at 734, 736 (describing the second and fourth prongs of plain-error review). We will assume, without deciding, that Barthman forfeited his claim on appeal and review for plain error. See, e.g., United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014) ("[A] defendant who does not object to the district court's miscalculation of his Guidelines range may receive plain error review.").

Plain-error review provides us with "a limited power to correct errors that were forfeited . . . ." Olano, 507 U.S. at 731. The plain-error test is well established:

> First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the

error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

Puckett v. United States, 556 U.S. 129, 135 (2009) (alterations in original) (internal quotation marks and citations omitted). Barthman bears the burden of establishing all four prongs of plain-error review. See, e.g., United States v. Nahia, 437 F.3d 715, 716 (8th Cir. 2006).

II.

The government concedes the first and third prongs of plain-error review—error and prejudice, respectively. However, the government argues that, under the second prong, the error was not "plain" and that, even if the error was plain, this Court should not exercise its discretion to remedy the error pursuant to the fourth prong. We address each of the government's arguments in turn.

A.

The government argues the district court's error was not plain because Barthman "did not identify any flaw with the state statute or its breadth compared to the relevant federal statute. As a result, the district court was not on notice of any need to consult the state statute." Appellee's Br. 23. In other words, the government argues the error in this case cannot be plain because Barthman never brought the error to the district court's attention. We disagree. The government's argument overlooks that plain-error review assumes there was no objection made to the district court. See Henderson v. United States, 568 U.S. 266, 269, 273-74, 279 (2013).

Rather, as the government acknowledges, "an error is plain if, at the time of appellate review, the erroneous nature of the ruling is obvious." Appellee's Br. 24

(citing Henderson, 568 U.S. at 269); see also Johnson v. United States, 520 U.S. 461, 467 (1997) ("[T]he word 'plain' is synonymous with clear or, equivalently, obvious.") (internal quotation marks omitted). The legal error in this case is obvious and not "subject to reasonable dispute," Puckett, 556 U.S. at 135, because, as the government acknowledges, the Minnesota statutes of conviction are "overbroad and indivisible." Appellee's Br. 24; see also id. at 20-21. The prior convictions are not "forcible sex offense[s]," as defined in USSG § 4B1.2, comment. (n.1), because they qualify as such only if the victim was under the age of 12, see 18 U.S.C. § 2241(c), but the applicable subdivisions of the Minnesota statutes of conviction apply in cases where the victims are under the age of 13. See Minn. Stat. §§ 609.342-.343. When a state statute underlying a conviction criminalizes more conduct than the federal definition of a "crime of violence," the state conviction does not count. See United States v. Schneider, 905 F.3d 1088, 1092-93 (8th Cir. 2018). Thus, "a straightforward application of the guidelines" demonstrates that the district court's error is plain. United States v. Blocker, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam), abrogation on other grounds recognized in United States v. Martinez-Rodriguez, 821 F.3d 659, 664 (5th Cir. 2016). Accordingly, we may consider the error despite Barthman not bringing it to the district court's attention. See Henderson, 568 U.S. at 269.

## B.

Although Barthman has established that, at the time of our review, the error in this case is plain, that is not the end of our inquiry; Barthman must also "persuade [us] that the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1909 n.4 (2018) (alterations in original) (quoting United States v. Vonn, 535 U.S. 55, 63 (2002)). This is "a case-specific and fact-intensive" inquiry. Puckett, 556 U.S. at 142. Although "[t]here may be instances where countervailing factors satisfy [us] that the fairness, integrity, and public reputation of the

-5-

proceedings will be preserved absent correction," Rosales-Mireles, 138 S. Ct. at 1909, "[i]n the ordinary case, proof of a plain Guidelines error that affects the defendant's substantial rights is sufficient to meet that burden." Id. at 1909 n.4. Indeed, "[a] plain Guidelines error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under [plain-error review]." Id. at 1907. That is because "in the context of a plain Guidelines error[,]" id. at 1908, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings . . . ." Id.

The single "countervailing factor" suggested by the government is that Barthman's federal sentence is concurrent with a longer state sentence, such that the error in calculating his federal sentence is not reasonably likely to result in any loss of liberty. Barthman's concurrent state sentence, however, is not yet final on direct review. The Minnesota Supreme Court has granted review to consider Barthman's challenges to the sentence imposed by the state district court. See State v. Barthman, No. A17-1191 (Minn. Nov. 27, 2018). At this time, without finality to the Minnesota proceedings involving Barthman's concurrent state sentence, it is reasonably likely that the error in calculating Barthman's federal sentence could result in him "spend[ing] more time in prison . . . ." Rosales-Mireles, 138 S. Ct. at 1909-10. Accordingly, Barthman has established the fourth prong of plain-error review, and we exercise our discretion to remedy the district court's error in this case. See Puckett, 556 U.S. at 135.

III.

We vacate the sentence and remand for resentencing.

-6-

STRAS, Circuit Judge, concurring in part and concurring in the judgment.

I agree that we should vacate Barthman's sentence, and more specifically, that he has established that it is "reasonably likely" that a calculation error in his federal sentence will lead to a longer overall stay in prison. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 (2018) (discussing and applying the fourth requirement of plain-error review in the context of an error in calculating a defendant's advisory Sentencing Guidelines range). But not for the reason the court suggests.

What is significant here is that the Minnesota Supreme Court has granted discretionary review in Barthman's direct appeal, which occurs in only a small percentage of cases.[2] *See State v. Barthman*, No. A17-1191 (Minn. Nov. 27, 2018) (order granting review). If Barthman's case presents a close call, as many cases granted discretionary review before a court of last resort do, then it is reasonably likely that Barthman's concurrent state sentence may well be vacated or shortened, meaning that his federal sentence could end up determining how long he spends in prison.

Rather than focus on the specific facts of this case, however, the court broadly pronounces that the litmus test is "finality" under a theory that no one has briefed or argued. *See Puckett v. United States*, 556 U.S. 129, 142 (2009) (explaining that the "fourth prong [of plain-error review] is meant to be applied on a *case-specific and fact-intensive* basis" (emphasis added)). It is a strange place to draw the line. Under Minnesota law, a "court may *at any time* correct a sentence not authorized by law," Minn. R. Crim. P. 27.03, subdiv. 9 (emphasis added), if it was "unauthorized . . . at the time it was imposed," *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015). The

_____

[2]Recent data shows a grant rate hovering between 10 and 12 percent. *See* Court Information Office, *Minnesota Supreme Court* 2 (2018), available at http://www.mncourts.gov/mncourtsgov/media/CIOMediaLibrary/DocumentLibrary/SupremeCourt.pdf.

Minnesota Supreme Court has allowed district courts to use this rule to correct a broad range of errors, even after direct appeal, so finality in this context means little under Minnesota law. *See, e.g.*, *Reynolds v. State*, 888 N.W.2d 125, 129–30 (Minn. 2016) (permitting a court to correct a sentence imposed in violation of the Sixth Amendment); *State v. Humes*, 581 N.W.2d 317, 321 (Minn. 1998) (upholding the correction of a sentence to add a term of conditional release).

In short, the simple fact that Barthman's state sentence is not yet final tells us little about whether his shorter, concurrent federal sentence could play a role at some point. Far more revealing is that the Minnesota Supreme Court has determined that Barthman's case, in particular, merits a closer look.

———————————————