# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2711
_____

United States of America

*Plaintiff - Appellee*

v.

James Edward Storholm

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 16, 2020
Filed: July 6, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

James Edward Storholm appeals the district court's[1] imposition of a 9-month revocation sentence, arguing that it is substantively unreasonable. We affirm.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

## I. *Background*

In February 2006, Storholm pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced Storholm to 120 months' imprisonment, followed by a lifetime term of supervised release.

Storholm began his supervised release in February 2018. The conditions of his supervised release included: (1) remaining law abiding, (2) abstaining from consumption of any alcohol, (3) abstaining from possession, viewing, or use of material that is sexually stimulating or sexually oriented, and (4) completing sexual offender treatment, among other special conditions.

On July 8, 2019, the United States Probation Office filed a petition and notice of supervised release violations, alleging that Storholm violated the terms of his supervised release. The violations alleged were (1) failure to remain law-aiding; (2) failure to abstain from the use of alcohol; (3) failure to abide by the prohibition against possessing or viewing pornography; and (4) failure to complete sex offender treatment. The petition also stated that "[t]he defendant's term of supervised release started out with problematic behavior"; he was found in February 2018 to have been in possession of "photographs of children, cut out images of children, and various articles related to law enforcement investigation tactics." Violation Report on Supervised Release at 3, *United States v. Storholm*, No. 0:05-cr-00330-PAM-JSM-1 (D. Minn. July 8, 2019), ECF No. 62. The notice also described several instances in which Storholm was noncompliant with his sexual offender treatment. The petition provided that "Mr. Storholm presents a high risk to any child in his immediate area," and it included references to additional sexual offenses that Storholm had committed against children in prior years. *Id.* at 4.

At the final revocation hearing, Storholm admitted to three of the four violations of his supervised release. Specifically, he admitted to consuming alcohol,

possessing and viewing pornography, and being terminated from sex offender treatment. The Guidelines range for these violations was 6–12 months' imprisonment.

Storholm's counsel requested that the district court place Storholm in a halfway house rather than impose a custodial sentence. In support of that request, counsel noted that this was Storholm's first revocation petition in his 18 months on supervised release. Counsel acknowledged the seriousness of the violations but stressed there had not been any similar conduct alleged previously. Counsel also argued that Storholm faced collateral consequences for his actions that would ensure Storholm's future compliance with his supervised release conditions. Counsel claimed that Storholm was likely to lose his house and would not be approved for similar housing and was also losing his truck. Finally, counsel argued that Storholm's health suggested a non-custodial sentence.

Storholm, speaking on his own behalf, told the district court that his problem "was a spiritual problem" and that "[n]ot being able to attend church without announcing that I'm a Level 3 sex offender" resulted in him "decid[ing] not to attend church and be in fellowship with others." Final Revocation Hr'g Tr. at 6, *United States v. Storholm*, No. 0:05-cr-00330-PAM-JSM-1 (D. Minn. Aug. 13, 2019), ECF No. 79. As a result, Storholm explained, he "got away from . . . following [his] faith." *Id.* Storholm admitted he "made some bad decisions," "mess[ed] up," and was "really sorry." *Id.*

The government sought a custodial sentence followed by Storholm's stay in a halfway house or GPS monitoring. It argued that Storholm's violations were serious and demonstrate that he poses a danger to society.

The district court sentenced Storholm to 9 months' imprisonment, stating:

> Well, Mr. Storholm, the conduct involved in this matter is extremely serious and one of the more serious matters that this Court has dealt with.

> First of all, as—I commend you with the desire to attend the church of your choice, but you know, don't blame that on other things. The resolution of that is as difficult as a quick telephone call to the pastor. And I just—this Court just simply cannot accept excuses of that kind now. The conduct that you carried on is wrong. It is just dead wrong. And when you have reverted into this kind of conduct, you're going to have to pay the price for it.

> And on that basis the Court does remand you to the custody of the Bureau of Prisons for a term of 9 months. Upon release from imprisonment you shall continue on a lifetime of supervised release subject to the same terms and conditions as previously imposed, except that the following terms shall be added.

> And that's that you shall reside for a period of up to 180 days in a residential reentry facility center as approved by the probation officer and shall observe the rules of that facility.

*Id.* at 7.

## II. *Discussion*

On appeal, Storholm acknowledges that the district court imposed a sentence that was within the advisory Guidelines range. Nonetheless, he argues that the sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of federal sentencing. Storholm contends that the district court failed to address the mitigating factors he identified and gave inadequate justification for the sentence. He highlights his remorse; his physical, mental, and emotional health

at the time of the offense; and the punitive effect of collateral consequences flowing from his arrest.

> We review revocation sentences under the same reasonableness standard that applies to initial sentencing proceedings. Thus, we review a revocation sentence for substantive reasonableness by applying an abuse-of-discretion standard. A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. We presume a sentence is substantively reasonable if it is within the Guidelines range.

*United States v. Lincoln*, 795 F. App'x 988, 989 (8th Cir. 2020) (per curiam) (cleaned up).

Because Storholm's 9-month sentence is within the 6–12 month Guidelines range, we may accord it presumptive reasonableness. Storholm has not rebutted this presumption. The district court emphasized the seriousness of Storholm's conduct before imposing the 9-month sentence. The court acknowledged Storholm's mitigation testimony, in particular his remorse, but weighed the entirety of the evidence and concluded a mid-range sentence best matched the record before the court. It was not required to afford greater weight to Storholm's mitigating facts nor expressly address each one. *See United States v. Farmer*, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors."); *see also United States v. Duke*, 932 F.3d 1056, 1061 (8th Cir. 2019) ("[A] district court need not expressly address every § 3553(a) factor if the record shows that they were considered.").

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____