# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3268
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Arthur Barthman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 20, 2020
Filed: December 17, 2020
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Brian Barthman pled guilty to one count of possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). In a prior appeal, we vacated his sentence and remanded for resentencing because the district court committed plain error when it increased his criminal history category based on his state court convictions. See United States v. Barthman, 919 F.3d 1118, 1120 (8th Cir. 2019) (hereinafter Barthman I). On remand, after denying

Barthman's request to withdraw his guilty plea, the district court imposed a sentence of 151 months imprisonment and supervised release for life. The district court also imposed a special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014. Barthman appeals his sentence, the imposition of the $5,000 special assessment, and the denial of his motion to withdraw his guilty plea. Having jurisdiction under 28 U.S.C. § 1291, we affirm Barthman's sentence and the denial of his motion to withdraw his plea, but we reverse the $5,000 special assessment.

I.

While investigating Barthman for sexually abusing a minor, Minnesota law enforcement obtained and executed a search warrant at his residence. They recovered computers and electronic devices containing numerous images and at least one video depicting child pornography. Barthman agreed that he possessed 500 child pornography images, including images of prepubescent minors under the age of 12.

Following an indictment by a federal grand jury, Bartman pled guilty to one count of possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). After considering Barthman's prior state court convictions for first- and second-degree criminal sexual conduct, the district court determined that Barthman's criminal history category was III, resulting in a guideline range of 151-188 months imprisonment. Barthman I, 919 F.3d at 1119-20. The district court sentenced Barthman to 151 months, to be served concurrently with his state sentences for first- and second-degree criminal sexual conduct. Id. at 1120. On appeal, after the government conceded that the district court miscalculated Barthman's criminal history score and that the error was prejudicial, we concluded that the district court's error was plain and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." See id. at 1121-22 (alteration in original) (quoting Rosales-Mireles v. United States, 138

-2-

S. Ct. 1897, 1909 n.4 (2018)). We therefore vacated Barthman's sentence and remanded the case to the district court for resentencing. Id. at 1122.

After we issued our opinion in Barthman I, Barthman moved the district court to withdraw his guilty plea. He argued that he was unaware of certain rights he was waiving by pleading guilty and that he had received ineffective assistance of counsel. The district court denied Barthman's motion in a detailed order.

The district court then held a resentencing hearing. The court determined that Barthman's criminal history category was II, resulting in a guideline range of 135-168 months. The government argued for a 135-month sentence in accordance with the plea agreement. Barthman requested a below-guidelines sentence, arguing that his postsentencing efforts at rehabilitation justified such a sentence. At the hearing, defense counsel argued that Barthman had "attempted to turn his life around" in prison. Barthman testified regarding his work at various prison jobs, his attendance at religious services, and his volunteer tutoring of other prisoners. The government argued that Barthman's positive acts in prison were nonetheless far outweighed by the gravity of his crime.

The district court resentenced Barthman to 151 months imprisonment to run concurrently with his state sentences. It explained the sentence in detail, beginning by noting that Barthman's federal and state offenses were serious ones. The court stated that it considered "all the statutory sentencing factors." It took into account Barthman's "history and characteristics, including the state crime," noting that "[t]here are certainly aggravating factors" and that it "[found] them to be very serious." The court also stated that "there probably is a need to continue for a time, anyway, to protect the public from further crimes." The court expressly considered the "mitigating circumstances" of Barthman's behavior and work in prison. It concluded that the 151-month sentence was "sufficient but not more than necessary."

In deciding to impose the $5,000 special assessment, the district court stated that the assessment was "reasonable" and noted its "hope" that Barthman would get

out of prison "with [a] sufficient number of years to have an active and productive life." The court opined that the "probation office is getting much better at finding good jobs for people who have been incarcerated." It further noted its belief that Barthman "is a very intelligent person." The court said it was "unlikely that [the assessment] would probably be repaid," but that it had "some potential likelihood of being paid, at least part of it."

On appeal, Barthman challenges the substantive reasonableness of his sentence, the district court's imposition of the $5,000 special assessment, and its denial of his motion to withdraw his guilty plea.

II.

Barthman contends that his sentence of 151 months imprisonment is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Duke, 932 F.3d 1056, 1062 (8th Cir. 2019) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). "We presume that a sentence within the advisory guideline range is reasonable." Id. "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).

Barthman essentially argues that the district court made an error of the third type and that his sentence should have been lower in light of his postsentencing rehabilitation. He points out that on resentencing the "aggravating" factors of his crime were the same as during the original sentencing but that he produced evidence of new mitigating factors: his "exemplary" behavior in prison and efforts to turn his life around. He contends that these new mitigating factors tipped the scale such that he should have received a lower sentence on remand. Relatedly, he asserts that his sentence on remand is substantively unreasonable because it is not proportional to

-4-

his original sentence. According to Barthman, because his original sentence was at the bottom of the then-applied guideline range, his new sentence should similarly be at the bottom of the new guideline range. The disproportionate nature of his new sentence, he argues, is further exacerbated by his postsentencing rehabilitation.

We conclude that the district court did not abuse its discretion and that Barthman's sentence was substantively reasonable. The court clearly weighed the 18 U.S.C. § 3553(a) sentencing factors, including evidence of Barthman's postsentencing rehabilitation. The district court ultimately concluded that a sentence of 151 months imprisonment—which falls in the middle of the guideline range— was appropriate based on the severity of the crime and the need to protect the public. Given Barthman's admission that he possessed over 500 images of child pornography, including images of prepubescent minors, we cannot say that the district court abused its discretion in giving more weight to his crime's severity than to his postsentencing rehabilitation. "When it comes to weighing the § 3553(a) factors, . . . the district court has wide latitude to assign some factors greater weight than others." Duke, 932 F.3d at 1063 (concluding that district court did not abuse its discretion in assigning greater weight to severity of crime than defendant's postsentencing rehabilitation). Moreover, although "a court at sentencing may consider evidence of postsentencing rehabilitation, and that evidence may, in an appropriate case, support . . . a sentence at the bottom of the [guideline] range[,] . . . a district court is not *required* to reduce a defendant's sentence based on a showing of postsentencing rehabilitation." Id. (citing Pepper v. United States, 562 U.S. 476, 481, 505 n.17 (2011)). Barthman's disagreement with the district court's balancing of the sentencing factors does not mean the sentence was unreasonable.

Finally, Barthman's citation to United States v. Banderas, for the proposition that a district court "generally acts within its discretion by imposing an amended sentence that is in 'proportion to the initial sentence,'" is inapposite. See 858 F.3d 1147, 1149 (8th Cir. 2017) (citation omitted). It does not follow from Banderas that a district court abuses its discretion by imposing a new sentence that is "out of proportion" to the original sentence in terms of where it falls within the applicable

guideline range. Accordingly, we find that Barthman's sentence was not substantively unreasonable.

## III.

Barthman next asserts that the district court erred in imposing a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014 (the Act). The Act mandates a $5,000 special assessment for "any non-indigent person" convicted of certain offenses, including possession of child pornography. See 18 U.S.C. § 3014 (mandating assessment for non-indigent person "convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)"). In United States v. Kelley, we determined that "an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in determining his 'non-indigent' status." 861 F.3d 790, 801 (8th Cir. 2017). We review the district court's factual finding of indigency for clear error. Id.

We find that the district court clearly erred in its implicit finding that Barthman was non-indigent and thus in imposing the special assessment. Barthman's Presentence Investigation Report (PSR), which the district court adopted in full and to which the government lodged no objections, establishes that he has a negative net worth of $166,903. His liabilities total more than $171,000, including $133,000 in student loan debt. He has an individual IRA worth $5,000 and few other assets. We think the district court clearly erred in not accounting for Barthman's substantial negative net worth when it found he had the ability to pay in the future. Barthman's net worth plainly distinguishes his case from Kelley, where the defendant had only a "slightly negative net worth at the time of sentencing." See id. at 802. We could find no prior case where we upheld a special assessment when the defendant had a comparable negative net worth. Moreover, given his concurrent state sentences, Barthman will be nearly 80 years old, if not older, when he is

released from custody.[1]  Additionally, he will be a convicted felon with several child sex offenses on his record.  Particularly in light of Barthman's substantial negative net worth, it was clearly erroneous to conclude that he has the ability to pay a $5,000 special assessment in the future.[2]  Indeed, the district court even admitted that the assessment was "unlikely" to be repaid.  Accordingly, we conclude that Barthman is indigent for purposes of § 3014 and that the district court erred in imposing the $5,000 special assessment.

## IV.

Finally, we consider Barthman's challenge to the district court's denial of his motion to withdraw his guilty plea, which he raised in a pro se supplemental brief. We "review[] the denial of a motion to withdraw a plea for an abuse of discretion." United States v. Cruz, 643 F.3d 639, 641 (8th Cir. 2011).  We have carefully reviewed the record, and for the reasons stated by the district court, see R. Doc. 134, we conclude that it did not abuse its discretion in denying Barthman's motion.  See 8th Cir. R. 47B.

---

[1]Barthman was originally sentenced in state court to two consecutive terms of 30 years imprisonment.  The Minnesota Supreme Court recently upheld one of Barthman's 30-year sentences and remanded the second for resentencing.  See State v. Barthman, 938 N.W.2d 257, 261-62 (Minn. 2020).

[2]We note that the Sixth Circuit upheld the special assessment for a defendant who, at sentencing, had a negative net worth of $1,739 and, upon his release from prison, would owe an additional $55,000 in restitution and child support.  See United States v. Shepherd, 922 F.3d 753, 756, 760 (6th Cir. 2019).  However, we find the present case distinguishable in two respects.  First, Barthman's liabilities are three times greater than the Shepherd defendant's, and second, the Shepherd defendant will be released from prison "well before he turns 40" and thus has "many years of future employability."  Id. at 760.

## V.

For the foregoing reasons, we affirm Barthman's sentence and the denial of his motion to withdraw his guilty plea, and we vacate the imposition of the $5,000 special assessment.

_____