# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1280
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Lee Poore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: January 11, 2021
Filed: March 4, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Robert Poore pled guilty to receiving and possessing machineguns and silencers, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. The district

court[1] sentenced Poore to a within-Guidelines term of imprisonment of 87 months. Poore appeals, asserting the sentence is substantively unreasonable. We affirm.

On March 26, 2019, Clinton (Iowa) police officers observed Poore sleeping in a parked, running vehicle. The officers suspected Poore of an intoxicated driving offense so they awoke Poore and asked him to step out of the vehicle. When Poore got out of the vehicle, the officers observed a hammer and a large flashlight, which the officers perceived as potential weapons, protruding from Poore's pockets. The officers conducted a pat-down and found six loaded handguns on Poore's person, two of which were modified to operate as machineguns. A more extensive search of Poore's person and vehicle produced eight additional firearms (at least six of which were loaded, and two of which had a silencer attached), nineteen loaded magazines, six speed loaders, a homemade flash suppressor in a box of ammunition, a buttstock buffer from an AR-15, five knives, and a pipe containing white residue. Officers later learned that two of the firearms had been reported stolen.

The court sentenced Poore to a term of 87 months' imprisonment, which was within the applicable Guidelines range of 70 to 87 months. Prior to imposing the sentence, the district court considered the 18 U.S.C. § 3553(a) factors, the advisory Guidelines, and the statutory penalties. In explaining the reasons for the sentence, the court expressed concerns over Poore's "arsenal" of weapons, his extensive history of drug use, and an incident from 1994 when Poore shot a man during a drug robbery.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Mitchell, 914 F.3d 581, 587 (8th Cir. 2019). This is a "narrow and deferential" standard. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted). "A district court abuses its discretion when it (1) fails

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 461 (cleaned up). A sentence within the Guidelines range is presumed reasonable. United States v. Duke, 932 F.3d 1056, 1062 (8th Cir. 2019).

Poore's three arguments challenging the reasonableness of his sentence are unavailing. The weight the district court gave to Poore's extensive history of drug abuse, considering it as an aggravating factor rather than a mitigating factor, is within the district court's wide discretion. See United States v. Henry, 770 F. App'x 309, 311 (8th Cir. 2019) (per curiam) (unpublished) ("[T]he district court was under no obligation to treat substance abuse as a mitigating factor."); United States v. Smith, 656 F.3d 821, 826 (8th Cir. 2011) (determining the sentence was not substantively unreasonable because the district court considered the defendant's history of alcohol and substance abuse as an aggravating factor).

Poore's second assertion that the court erred by improperly weighing his apocalyptic preparations mischaracterizes the record. The district court merely expressed concern about Poore's "arsenal of guns and ammunition." This combined with Poore's chronic substance abuse, felony record, history of violence, and belief in an oncoming dystopia made him a greater threat to the public and were all appropriate sentencing considerations.

Finally, it was permissible for the district court to consider Poore's criminal history, including the 1994 shooting of a man during a drug robbery. While the conviction was old, the conduct was extremely serious and a relevant sentencing consideration under § 3553(a).

Finding no abuse of discretion, we affirm the judgment of the district court.

_____