# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1070

———————————————

Kimberly Oden, Individually and on Behalf of All Others Similarly Situated

*Plaintiff - Appellant*

v.

Shane Smith Enterprises, Inc.

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: December 13, 2021
Filed: March 3, 2022

——————————

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

The Fair Labor Standards Act (FLSA) requires courts to "allow a reasonable attorney's fee to be paid by the defendant" for successful claims. 29 U.S.C. § 216(b). The Sanford Law Firm (SLF), an employment law firm in Little Rock, has routinely abused this provision. As one district court in Arkansas has noted, SLF has a history of "over-staffing cases, micro-managing associates, billing attorneys' rates for administrative tasks, and failing to self-audit records that are submitted to the court

for reimbursement." *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-CV-5051, 2020 WL 4741917, at *2 (W.D. Ark. Aug. 14, 2020). Essentially, SLF takes low-stakes FLSA cases, overstaffs them, and asks defendants to pay for its inefficiencies. SLF's representation of Kimberly Oden followed that trend.

Oden worked for Shane Smith Enterprises, Inc. for about ten weeks. After her employment ended, she hired SLF and sued Shane Smith Enterprises for unpaid wages under the FLSA. The parties settled Oden's claims for $350 plus reasonable attorneys' fees. The problem is that SLF's requested fees were anything but reasonable. Despite performing no discovery, SLF filed a motion seeking $4,435 in fees and $450 in costs. SLF arrived at this number by: (1) assigning four lawyers to the case; (2) seeking $525 for an unsuccessful motion to recuse; (3) billing for 5.6 hours of clerical work that should have been considered overhead; (4) billing to review SLF's own filings; and (5) billing more hours than necessary for a routine FLSA case.

The district court,[1] like others in Arkansas,[2] thought SLF's requested fees were excessive. It excluded the unnecessary work from its fee calculation and imposed a 20% overall reduction in SLF's requested fees to account for the firm "playing hardball on an unsupported liability damage demand . . . and an arbitrary

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

[2]*See, e.g.*, *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-CV-5051, 2020 WL 4741917, at *2 (W.D. Ark. Aug. 14, 2020) ("Courts in this District and in the Eastern District of Arkansas have had many occasions to consider fee requests for the attorneys of the Sanford Law Firm . . . and have repeatedly found their requested fees to be unreasonable and reduced them. The petition currently before the Court is no different."); *Beasley v. Macuil's Tire & Serv. Ctr., LLC*, No. 4:19-cv-471, 2020 WL 3472556, at *2 (E.D. Ark. June 25, 2020) ("[Sanford Law Firm's] time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate document reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc.").

lawyers' fees demand—while continuing to bill for unnecessary work." The adjusted fee was $1,080, plus costs of $450. Not satisfied, SLF appeals.

First, SLF argues that the district judge in this case should have recused himself. "We review the denial of a motion to recuse for an abuse of discretion." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006). While the parties were negotiating attorneys' fees, SLF argued that the judge created the appearance of bias by ruling against SLF in the past. It also claimed that the judge or his staff engaged in an "anonymous letter campaign" to defame SLF.

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But where a party seeks recusal based on "in court conduct," that party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (citation omitted). SLF can't clear this high bar. Recognizing SLF's practices for what they are—overbilling— does not call a judge's ability to render a fair judgment into question.

SLF also claims that the district judge or his staff engaged in an anonymous letter campaign to discredit the firm. The district court denied this accusation, noting that "[t]he suggestion that [the judge], or a member of [his] staff without [his] approval, authored an anonymous letter is wholly without merit." We review that factual finding for clear error. *Lesch v. United States*, 612 F.3d 975, 980 (8th Cir. 2010). "Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Finley*, 612 F.3d 998, 1002 (8th Cir. 2010) (citation omitted).

The only evidence SLF provides to support this claim is a declaration by SLF employee Josh Sanford. That declaration claimed that "[a]ttorneys in the Sanford Law Firm were informed by a magistrate judge . . . that [an] Order [rejecting] the Sanford Law Firm's fee petition . . . was emailed as a 'warning' to 'all the judges' by the Office of the [district judge]." But Josh Sanford's unsupported and self-

serving affidavit isn't enough to leave us with a "definite and firm conviction that a mistake" occurred. *Id.* Accordingly, we affirm the denial of SLF's motion to recuse.

SLF next argues that the district court abused its discretion by excluding some of SLF's work from its fee calculation and imposing a 20% reduction on SLF's requested fees. But SLF's actions necessitated that reduction. For instance, SLF initially "demanded $3,240 for liability damages" despite the fact that "no damages calculation was made until late July—four months later." *Oden v. Shane Smith Ents.*, 2020 WL 8073626, at *4 (E.D. Ark. Dec. 16, 2020). SLF also demanded $6,000 in attorneys' fees, despite having performed "less than $1,500 in work at the time it made the demand." *Id.* When pressed on this discrepancy, SLF said that "in reality that is just how negotiations work; all adults know this." We disagree. "When a party submits a fee petition, it is not the opening bid in the quest for an award. Rather, it is the duty of the requesting party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary." *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 403 (3d Cir. 2018) (citations omitted) (cleaned up). In sum, based on the record before us, it appears that SLF's negotiating tactics were more akin to a shakedown than a good faith effort to determine a reasonable fee.

SLF engaged in negotiating tactics that unreasonably extended the litigation, wasting the court's time and resources. Given SLF's actions, the district court was entitled to "reduce the lodestar calculation by considering appropriate factors, including unprofessional conduct." *Vines v. Welspun Pipes, Inc.*, 9 F.4th 849, 856 (8th Cir. 2021). We affirm.

_____