# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1847

_____

United States of America

*Plaintiff - Appellant*

v.

Jason Robert Wesely

*Defendant - Appellee*

_____

No. 23-1854

_____

United States of America

*Plaintiff - Appellant*

v.

Jesus Rafael Diaz-Figueroa

*Defendant - Appellee*

_____

Appeals from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: December 11, 2023
Filed: March 20, 2024

_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

The Justice for Victims of Trafficking Act provides that district courts "shall assess an amount of $5,000 on any non-indigent person" convicted of sexual exploitation of a child. 18 U.S.C. § 3014(a)(3). Both Jason Wesely and Jesus Diaz-Figueroa had qualifying convictions, but findings of indigency meant that neither had to pay the assessment. We reverse and remand in Diaz-Figueroa's case.

I.

Unless a defendant is indigent, a district court has no choice but to impose the special assessment.[1] *See id.* § 3014(a); *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017) ("exclud[ing] discretionary decisions by the court once non-indigence has been determined"). As we have explained, indigency depends on "a defendant's current financial situation *and* his ability to pay in the future." *Kelley*, 861 F.3d at 801 (emphasis added). What matters, in other words, is a defendant's ability to pay, now or later. *See id.*; *cf.* 18 U.S.C. §§ 3014(g), 3613(b) (imposing a 20-year collection period).

An appreciable net worth at the time of sentencing generally requires the special assessment, regardless of future earning power. *See United States v. Mung*, 989 F.3d 639, 645 (8th Cir. 2021). Alternatively, defendants who have future "earning[] capacity" because of their young age, good health, "education, skills, [or] work experience" are also eligible for it. *United States v. Otradovec*, 72 F.4th 794, 797 (7th Cir. 2023); *see also United States v. Meek*, 32 F.4th 576, 581 (6th Cir. 2022)

---

[1]In addition to imposing a special assessment, the statute specifies where to deposit the funds: the Domestic Trafficking Victims' Fund. 18 U.S.C. § 3014(d). From there, it directs the Attorney General and Secretary of Health and Human Services "to award grants or enhance victims' programming." *Id.* § 3014(e).

(reasoning that a defendant was not indigent because he was "a college graduate who ha[d] worked in a number of fields" and would likely "resume th[o]se efforts" after release). Either way, the burden to establish otherwise rests with the defendant. *See Kelley*, 861 F.3d at 800 n.5.

## II.

Overturning a finding of indigence on appeal requires a showing of clear error.[2] *See id.* at 801. It is a steep hill to climb. We will reverse only if we are "definite[ly] and firm[ly]" convinced that the district court made "a mistake," *Oden v. Share Smith Enters., Inc.*, 27 F.4th 631, 633 (8th Cir. 2022) (citation omitted), not just that we would have "weighed the evidence differently," *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

## A.

At the time of sentencing, Wesely was a few months short of his fortieth birthday with a single asset to his name: a savings account with a balance of $24.12. He had sold his other assets for the benefit of his two children. As he noted during allocution, he owed state-ordered spousal and child support in the amount of $2,500 per month, which he could not afford given his lack of assets or employment.

His future earning capacity looked equally bleak. It is true that he had once earned $65,000 per year in the Iowa National Guard. But prison likely put an end to his military career. And his military disability benefits remained in limbo.

---

[2]Wesely's position is that plain-error review applies. The government, however, specifically asked the district court to impose the special assessment at sentencing, which preserved the issue for appeal. *See* Fed. R. Crim. P. 51(b); *see also United States v. Poitra*, 648 F.3d 884, 892 (8th Cir. 2011) (explaining that plain-error review incentivizes "timely objections that allow the district court . . . [to] adjudicate the dispute . . . [and] resolve any alleged errors" (citations omitted)).

To sum up, he had one asset, but it was not enough to pay the special assessment. The district court also could not count on future income, given that Wesely was facing a possible suspension of his disability benefits and had uncertain post-prison job prospects. We cannot overturn a finding of indigence on mere guesswork. *See Anderson*, 470 U.S. at 574.

## B.

But there is more than guesswork available in Diaz-Figueroa's case. At the time of sentencing, he had a net worth of approximately $120,000, split between $90,000 in home equity and almost $30,000 in a joint checking account. He also had a car and some debt, but they largely canceled each other out.

Even discounting his future job prospects, Diaz-Figueroa's current assets left plenty of room to pay the $5,000 special assessment. After all, a positive net worth "at the time of sentencing," *Mung*, 989 F.3d at 645 (involving "$8,000 in [a] bank account and no debt or liabilities"), can "preclude[] a finding of indigence" under § 3014, *Kelley*, 861 F.3d at 802. *Cf. United States v. Barthman*, 983 F.3d 318, 322–23 (8th Cir. 2020) (reversing because the defendant "ha[d] a negative net worth of $166,903" and would be "nearly 80 years old, if not older, when . . . released from custody").

It makes no difference that the district court had already ordered $48,000 in restitution. Even if we assume that court-ordered restitution is a relevant consideration under § 3014, subtracting the award still left Diaz-Figueroa with a positive net worth of over $70,000, even if much of it was in home equity. *Cf.* 18 U.S.C. § 3014(b) (prioritizing the payment of all "court-ordered fines, . . . restitution," and other "victim-compensation" obligations before the payment of the $5,000 special assessment). A net worth that high, while hardly a fortune, does not make someone indigent either. The district court's finding to the contrary was clearly erroneous. *See Kelley*, 861 F.3d at 801.

## III.

We accordingly reverse and remand for further proceedings for Diaz-Figueroa, but otherwise affirm.

_____