# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3574

_____

United States of America

*Plaintiff - Appellee*

v.

Justin L. Collins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 22, 2026
Filed: May 28, 2026
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Justin L. Collins appeals after he pled guilty to a firearm offense and the district court[1] imposed an above-Guidelines sentence of 144 months in prison. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

On appeal, Collins argues that the magnitude of the upward variance is unwarranted and substantively unreasonable. Upon careful review of the record and the parties' arguments on appeal, we conclude that the sentence is not substantively unreasonable. First, the record shows that the district court carefully considered the 18 U.S.C. § 3553(a) factors, and there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard); *United States v. Duke*, 932 F.3d 1056, 1063 (8th Cir. 2019) (district court has wide latitude to assign some § 3553(a) factors greater weight than others). This court further concludes that the upward variance was not an abuse of discretion even though some of the section 3553(a) factors were considered both for purposes of determining the applicable Guidelines range, and to justify the upward variance. *See United States v. Butler*, 168 F.4th 1107, 1111 (8th Cir. 2026) (it is well-settled that a court may rely on the same factors to establish the Guidelines range and justify an upward variance); *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (rejecting argument that U.S.S.G. § 2K2.1(b)(6)(B) enhancement already accounted for conduct; courts may determine that weight Guidelines assigned to particular factor was insufficient, and facts that have already been accounted for in calculating Guidelines range can be basis for variance). We find no error in the extent of the upward variance, given the court's discussion of the aggravating aspects of Collins's circumstances. *See United States v. Mitchell*, 825 F.3d 422, 426 (8th Cir. 2016) (per curiam) (when reviewing above-Guidelines sentence, appellate court considers extent of deviation but must give due deference to district court's decision that sentencing factors justify extent of variance).

Finally, we conclude the record shows that the court considered the applicable Guidelines range, the parties' sentencing recommendations, the letter of support Collins submitted, and the Judicial Sentencing Information data; and Collins offers no support for his contention that such data points should have been more heavily weighted or should have otherwise constrained the court's ability to vary upward.

*Cf. United States v. Hubbs*, 18 F.4th 570, 573 (8th Cir. 2021) (government's sentencing recommendation does not foreclose district court from varying upward; it is the court, not the government, that is responsible for determining the appropriate sentence after considering the § 3553(a) factors); *United States v. Hill*, 8 F.4th 757, 761 (8th Cir. 2021) (national statistics on sentences provide appellate court with no principled basis to say which defendants received appropriate sentence); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (sentence is not unreasonable when court made individualized assessment based on facts presented and addressed defendant's proffered information in its consideration of § 3553(a) factors).

The judgment is affirmed.

_____